# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | CASE NO.: 1:05-CR-3 (WLS) |
| CLEVELAND KEGLER, JR., | : | |
| Defendant. | : | |

## ORDER

Pending before the Court is the Government's Petition for Revocation of Supervised Release, as amended. (Docs. 22 & 26.) On August 11, 2005, the Court sentenced Defendant to 87 months incarceration followed by three years of supervised release for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docs. 18 & 19.) The sentence was ordered to run consecutive to a state sentence that Defendant was serving at the time of his federal sentencing. (Doc. 18.) Supervised release commenced on April 5, 2013. (Doc. 22.) The Government filed the instant Petition on November 18, 2013. (*Id.*) On December 23, 2013, the Petition was amended by order. (Doc. 26.)

The Government's Petition, as amended, recommends the revocation of Defendant's term of supervised release based on the following: Violation No. 1 alleges failure to notify the probation office of any change in residence in October 2013 by moving from his approved residence without notice to the probation office; Violation No. 2 alleges failure to refrain from violation of the law on November 12, 2013, by committing the offense of Aggravated Stalking in Dougherty County, Georgia; Violation No. 3 alleges failure to follow the instructions of the probation officer on December 2, 2013, by failing to turn himself in to authorities on the active supervised release violation warrant as directed; and Violation No. 4 alleges that Defendant left the judicial district without securing authorization from the probation officer on December

1

16, 2013, by traveling to Atlanta, Georgia, without securing the permission of the probation officer or the Court, as evidenced by Defendant's arrest in Atlanta, Georgia, for supervised release violations. (*Id.*)

On February 28, 2014, the Court held a hearing on the Petition. (Doc. 34.) At the hearing, Defendant admitted and stipulated to Violation Nos. 1, 3, and 4. As to Violation No. 2, Defendant stipulated that the Government could meet its burden of establishing that he violated the applicable term of supervised release by a preponderance of the evidence. The Government asserted that the evidence would show that Defendant sent threatening electronic messages to Alisha Ouedraogo, in violation of a restraining order. The Parties agreed that such actions, if proven, constituted Aggravated Stalking in violation of Georgia law. Ms. Ouedraogo testified to the Court that Defendant sent her threatening electronic messages in contravention of a restraining order. Copies of the referenced messages were submitted into evidence as well as a copy of the referenced restraining order. (*See* Docs. 36-1, 36-2, 36-3.)

In consideration of the facts and arguments submitted to the Court, the Court found, by a preponderance of evidence, that Defendant violated the conditions of his supervised release with respect to Violation 2 as outlined in the Motion, and as to Violations 1, 3, and 4, as stipulated by Defendant. The Court then declared Defendant's supervised release revoked.[1] The Court took Defendant's United States Sentencing Guidelines range under advisement and sentenced Defendant to eighteen (18) months imprisonment. The Court sentenced Defendant below the guideline range because he effectively admitted to the violation and thereby relieved the Government of the burden of presenting additional evidence to prove each alleged violation.

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking supervised release.' " *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.' " *Id.* (citations omitted).

For all of the above reasons, the Government's Petition, as amended, (Docs. 22 & 24) is **GRANTED** and Defendant's term of supervised release is hereby **REVOKED**.

**SO ORDERED**, this  6th  day of March 2014.

/s/ W. Louis Sands  
**W. LOUIS SANDS, JUDGE**  
**UNITED STATES DISTRICT COURT**